NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1376

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 250253

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, John Doe, appeals from a Superior Court judgment affirming an order of the Sex Offender Registry Board (the board) classifying him as a level three sex offender.  On appeal, Doe argues that he was deprived of the effective assistance of counsel during his classification hearing before the board, and upon judicial review of his classification at the Superior Court.  We affirm.

Background.  Doe, who was incarcerated at the time of his classification hearing, has a history of sex offenses that served as the basis for his classification.  In particular, on September 12, 1995, Doe admitted to sufficient facts for indecent assault and battery on a person under the age of

fourteen and was given a continuance without a finding (CWOF). According to the relevant police reports, Doe, then aged thirty-five, sexually assaulted his twelve year old female neighbor while she was at his home babysitting his infant child. The terms of Doe's CWOF included three years of probation and no unsupervised contact with girls between the ages of twelve and sixteen.

Then, on May 1, 2009, a jury found Doe guilty of nine counts of rape and sixteen counts of indecent assault and battery of a person age fourteen or over. Doe, aged forty-nine at the time, repeatedly sexually assaulted two sisters who were his neighbors, aged eighteen and twenty, who he had hired to assist with a remodeling project he was doing on a cottage located on his property.[1] These offenses included oral, vaginal and digital penetration. For these convictions, Doe received, inter alia, a six-to-eight-year prison sentence and twenty years of probation.

In addition to these convictions, Doe also has history of criminal conduct unrelated to his sexual offenses. For instance, on January 1, 2000, Doe was arrested for, and subsequently convicted of, the unlawful possession of a firearm,

---

[1] Doe had convinced the girls' father to allow them to work for him.

based on evidence that he purchased it with plans to shoot his exwife and both his and her lawyers.[2]

On September 20, 2022, following a classification hearing before the board, Doe was ordered to register as a level three sex offender.[3]  On August 22, 2023, a judge of the Superior Court affirmed the Board's order.

Discussion.  1.  Standard of review.  A level three classification is warranted where the hearing examiner "make[s] explicit" findings, supported by clear and convincing evidence, that the offender presents "a high risk of reoffense, a high degree of dangerousness, and a public safety interest is served by active dissemination of the offender's registry information." Doe, Sex Offender Registry Bd. No. 6729 v. Sex Offender Registry Bd., 490 Mass. 759, 768 (2022) (Doe No. 6729).  "A reviewing court may set aside or modify [the board's] classification decision where it determines that the decision is in excess of [the board's] statutory authority or jurisdiction, violates

---

[2] Doe was in the midst of a contentious child custody battle at this time.

[3] In August 2013, the board notified Doe of his duty to register as a level three sex offender.  Doe challenged that decision and received a de novo hearing in September 2019. Because Doe was still incarcerated, the hearing examiner put Doe on "provisional status" and a subsequent hearing was held on July 26, 2022 -- a date closer to Doe's release from incarceration.

constitutional provisions, is based on an error of law, or is not supported by substantial evidence." Doe, Sex Offender Registry Bd. No. 496501 v. Sex Offender Registry Board, 482 Mass. 643, 649 (2019), citing G. L. c. 30A, § 14 (7).

In assessing the offender's dangerousness and likelihood to reoffend, the hearing examiner is "guided by [several] statutory risk factors" and various "aggravating and mitigating considerations." Doe, Sex Offender Registry Bd. No. 23656 v. Sex Offender Registry Bd., 483 Mass. 131, 134 (2019). See G. L. c. 6, § 178K (1) (a)-(l); 803 Code Mass. Regs. § 1.33 (2016). A hearing examiner abuses the examiner's discretion when making a "clear error of judgment in weighing the [relevant] factors" such that the outcome falls outside "the range of reasonable alternatives." Doe, Sex Offender Registry Bd. No. 356315 v. Sex Offender Registry Bd., 99 Mass. App. Ct. 292, 299 (2021), quoting L.L. v. Commonwealth, 471 Mass. 169, 185 n.27 (2014). Ultimately, "[t]he final classification level is not based on a cumulative analysis of the applicable factors, but rather a qualitative analysis of the individual sex offender's history and personal circumstances." 803 Code Mass. Regs. § 1.33.

2. Ineffective assistance. To support an ineffective assistance of counsel claim in the sex offender registry context, the offender must first show that "there has been

4

serious incompetency, inefficiency, or inattention of counsel -- behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer." Poe v. Sex Offender Registry Bd., 456 Mass. 801, 812 (2010), quoting Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). Second, the offender must show "a 'reasonable probability' that 'but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Poe, supra at 813, quoting Commonwealth v. Mahar, 442 Mass. 11, 15 (2004).

Here, Doe asserts that his counsel was ineffective for failing to (1) request that the board exercise its subpoena power to obtain Doe's medical records from Boston Medical Center; (2) challenge the board's assertion that Doe was unwilling to engage in sex offender treatment; and (3) submit scholarly articles documenting a reduction in the previously thought degree of correlation between a sex offender's failure to participate in sex offender treatment and their risk of reoffense. Doe also argues that his counsel was ineffective on judicial review at the Superior Court, as evidenced by his one-page memorandum in support of his motion for judgment on the pleadings, and by the fact that the memorandum failed to challenge the board's application of the regulatory factors, namely, the examiner's application of factor 24 -- Less than

5

Satisfactory Participation in Sex Offender Treatment.  803 Code Mass. Regs. § 1.33 (24).  We affirm.

1.  Medical records.  Doe's argument that his counsel was ineffective for failing to compel the board to obtain Doe's medical records from Boston Medical Center is unavailing.  To begin, Doe has failed to provide the Superior Court or this court with the medical records in question, and we therefore cannot assess whether the absence of these records prejudiced Doe.[4]  See Poe, 456 Mass. at 813.  As such, this argument cannot serve as the basis for an ineffective assistance claim.

2.  Sex offender treatment.  Doe further argues that his counsel was ineffective for failing to challenge the board's assertion that he was unwilling to engage in sex offender treatment and, in turn, for not challenging the hearing examiner's application of factor 24.  Specifically, Doe argues that counsel's failure to remind the hearing examiner in his proposed findings of fact and conclusions of law to the board that Doe's Inmate Web[5] contained an entry, dated August 6, 2013,

---

[4] At the classification hearing Doe's counsel introduced a Massachusetts Department of Correction Health Services Sick Call Request form which detailed Doe's medical issues.  Upon request, Doe's counsel was granted additional time to submit medical records from Boston Medical Center.

[5] The Inmate Web system is used to collect and manage inmate data such as demographics, criminal history, and program participation while incarcerated.

6

noting that Doe "is willing to attend sex offender treatment when eligible"[6] amounted to ineffective assistance. However, there is evidence in the record that when Doe was subsequently transferred to a prison that offered sex offender programming, he continually refused to participate in treatment. For these same reasons, the hearing examiner's application of factor 24, which is applied if offender's participation in treatment is "less than satisfactory," was also not improper.[7] 803 Code Mass. Regs. § 1.33 (24). Therefore, Doe's arguments miss the mark.

3. <u>Scholarly articles</u>. Doe also grounds his claim in his counsel's failure to submit scholarly articles that document a reduction in the nexus between an offender's participation in sex offender treatment and their risk of re-offense. Specifically, Doe relies on an unpublished decision issued by a panel of this court pursuant to Appeals Court rule 23.0 -- <u>Doe, Sex Offender Registry Bd. No. 239639 (Doe No. 239639)</u> v. <u>Sex Offender Registry Bd.</u>, No. 21-P-928 (February 1, 2023) -- to

---

[6] Doe was not eligible to participate in treatment at the time of this entry because he was incarcerated at a facility that did not offer sex offender treatment programming.

[7] Factor 24 provides that "[s]ex offenders who refused to participate in, dropped out of, or were terminated by their treatment provider from sex offender treatment present an increased risk of re-offense and degree of dangerousness." 803 Code Mass. Regs. § 1.33 (24).

7

support his argument. However, Doe No. 239639 simply held that a hearing examiner was required to consider two articles introduced into evidence that contained information relevant to the application of the board's factors, specifically factors 24 and 32, which information was not addressed by the board when the factors were promulgated. See Doe No. 239639, No. 21-P-928, slip op. at 11-15. The decision did not address whether counsel could be deemed ineffective for failing to submit certain scholarly or scientific articles for the board's consideration. Furthermore, as the board asserts, the decision also "did not state that the [scholarly] articles invalidated [f]actor 24, nor did [the decision] consider the impact an offender's refusal to participate in treatment had on his risk [to reoffend]." Importantly, we note that Doe's counsel did submit a motion for findings of fact and rulings of law which attached sixteen scientific articles, one of which asserted that "there is no difference in recidivism rates between [sex offender] treatment participants and non-participants in sexual or violent crimes" and another which stated that "the outcome predictive value for those who undergo [sex offender] treatment and those who do not is small." We therefore agree with the board that it is purely speculative whether the admission of additional articles would

8

have resulted in the hearing examiner declining to apply factor 24.

4. _Counsel's Superior Court representation_. Doe further asserts that his counsel's performance in the Superior Court also fell "measurably below that which might be expected from an ordinary fallible lawyer." _Poe_, 456 Mass. at 812, quoting _Saferian_, 366 Mass. at 96. In support of this argument, Doe points to the fact that counsel only submitted a one-page memorandum to accompany his motion for judgment on the pleadings, and to the fact that the memorandum failed to challenge the board's application of the regulatory factors, particularly the examiner's application of factor 24. We are not persuaded. Counsel's decision to argue that Doe's current physical illnesses and limitations lowered his risk to reoffend was a reasonable strategic decision. See _Commonwealth_ v. _Kolenovic_, 471 Mass. 664, 674 (2015). Counsel properly submitted documentary evidence both before and after the classification hearing detailing Doe's medical ailments, and Doe's testimony primarily focused on his failing physical health and lack of mobility. Therefore, it was eminently reasonable for counsel to focus on those conditions when arguing in the Superior Court. Indeed, Doe recognizes that "his diminishing physical condition" is his "best defense."

9

Finally, Doe's argument that his counsel should have challenged the application of factor 2 (repetitive and compulsive behavior) and factor 3 (adult offender with child victim) because his 1995 offense is outdated and cannot be used to assess his current risk of reoffense requires little discussion.  Doe cites no authority for the proposition that the hearing examiner should not have considered his 1995 offense, as to which he admitted to sufficient facts, in determining his classification.

Accordingly, because Doe cannot demonstrate that his counsel was ineffective at either his classification hearing or before the Superior Court, the judgment on the pleadings is affirmed.

So ordered.

By the Court (Desmond, Grant & Hodgens, JJ.[8]),

Clerk

Entered:  July 28, 2025.

_____

[8] The panelists are listed in order of seniority.

10